**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00720-WJM

GABRIELLA JARAMILLO, on behalf of D.G., a minor child,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

On June 27, 2012, this Court entered an Order reversing the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Gabriella Jaramillo's application for supplemental security income filed on behalf of D.G., her minor child, and remanding for an immediate award of benefits. (ECF No. 19.) Final judgment was entered on June 28, 2012. (ECF No. 20.)

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"). (ECF No. 24.) Defendant has filed a Response to the Motion (ECF No. 25), and Plaintiff has filed a Reply (ECF No. 26). For the reasons set forth below, the Motion is GRANTED.

## I. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action

. . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "The Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  ANALYSIS

The Court remanded this action to the Commissioner for an immediate award of benefits because the Administrative Law Judge ("ALJ") had found that D.G.'s impairment did not functionally equal the listings. Specifically, the ALJ found that D.G. had a marked limitation in one only domain of functioning – "attending and completing tasks" – although a finding of disability required marked limitations in two domains of functioning.

Critically, the ALJ found that D.G. had a "less than mild" limitation in the domain of "health and physical well-being." The Court disagreed, affirmatively holding that D.G. had a marked limitation in the domain of "health and physical well-being," thus meaning that D.G. had two marked limitations, warranting an affirmative finding of disability. The basis for the Court's decision was that three medical or other source opinions were of the opinion that D.G. had a marked limitation in the domain of "health and physical well-being," with no contrary medical or other source opinions. Despite this evidence from these sources (strong evidence when considered together), the ALJ appears to have discounted these opinions primarily based on (1) Ms. Jaramillo's alleged failure to seek

adequate medical care for D.G., and (2) D.G.'s ability to regularly attend school in a regular classroom setting. With three uncontroverted medical and other source opinions believing that D.G. had a marked impairment in health and physical well-being, the Court found the ALJ's reasoning entirely unpersuasive.

In opposing the request for attorney's fees, the Commissioner has essentially repeated the same arguments made in the Commissioner's Response Brief on the merits. While the Court understands that in some cases the Commissioner's position could be substantially justified despite ultimately losing on the merits, that is not so in this particular case. Given the combination of all of the bases for the Court's decision on the merits, reiterated above, Plaintiff is entitled to an award of attorney's fees under EAJA. In the Court's view, this conclusion and result is particularly appropriate here given that the Court has ordered an immediate award of benefits without the need for a remand or any further factual development of the record.

Plaintiff's Motion requests attorney's fees in the amount of $5,431.50 for 30.6 hours of work at $177.50 per hour. (ECF No. 24.) The Commissioner presents no specific argument challenging this hourly rate or the time allegedly spent by Plaintiff's counsel on the matter (arguing only that the Government's position on the merits was substantially justified). (ECF No. 25.) The Court finds it appropriate to award the amount requested by Plaintiff.

In Plaintiff's Reply, Plaintiff also seeks reimbursement for the additional time spent drafting Plaintiff's Reply on the attorney's fees issue – 5.0 hours – totaling an

additional $887.50 in requested attorney's fees.  The Court also finds it appropriate to award this additional amount.  *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, No. 09-cv-00045, 2010 WL 4038611 (D. Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 24) is GRANTED; and
2. Defendant shall pay to Plaintiff $6,319.00 within thirty days of the date of this Order.

Dated this 19th day of October, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge